(C. D. 423)

BATA SHOE CO., INC. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided January 21, 1941)

*James W. Bevans* for the plaintiff.
*Charles D. Lawrence,* Acting Assistant Attorney General (*Joseph E. Weil,* special attorney), for the defendant.

Before TILSON, KINCHELOE, and DALLINGER, Judges

KINCHELOE, Judge: The merchandise the subject of this suit was assessed for duty at 62½ per centum ad valorem under paragraph 909 of the Tariff Act of 1930 as articles, finished or unfinished, made or cut from velveteen or velvet pile fabrics. The merchandise is claimed dutiable under the provision of paragraph 919 of said act, for "articles of wearing apparel of every description, manufactured wholly or in part, wholly or in chief value of cotton, and not specially provided for," at the rate of 37½ per centum ad valorem.

It has been stipulated on the record between counsel herein that the merchandise the subject matter of this suit consists of shoe tongues completely manufactured, ready for attachment to shoes, and definitely committed to that purpose, and is in chief value of cotton.

The provision for wearing apparel is undoubtedly a designation by use, and such designation has been held more specific than one either of composition or of general description. *United States* v. *A. W. Faber*, 16 Ct. Cust. Appls. 467, T. D. 43211. Note also the decision of this court in *Tripler & Co.* v. *United States*, T. D. 45699 (61 Treas. Dec. 1127), which held cotton velvet jackets more specifically provided for as articles of wearing apparel under paragraph 919 of the act of 1930, than as articles made or cut from cotton pile fabrics under paragraph 909. This was on authority of *United States* v. *Snow's U. S. Sample Express Co.*, 6 Ct. Cust. Appls. 120, T. D. 35388, which held shirt bosoms of tucked cotton material more specifically provided for by the term "wearing apparel composed of cotton or of cotton in chief value made up or manufactured in part" in paragraph 256 of the Tariff Act of 1913, than as "articles made up in part of tuckings of whatever yarns, threads, or filaments composed" under the provision of paragraph 358 of that act.

The plaintiff in support of its claim for classification of the merchandise as wearing apparel cites the case of *Sand & Siman* v. *United States*, T. D. 49594 (73 Treas. Dec. 901), wherein this court held cuffs made of woven cotton fabric, imported to be put on gloves to complete them, to be dutiable as wearing apparel, manufactured wholly or in part, rather than under paragraph 923, as manufactures of cotton not specially provided for. Also *In re Wilson Bros.*, G. A. 607, T. D. 11324, wherein linen shirt bosoms were held properly assessed for duty as "articles of wearing apparel of every description, * * * composed of cotton or other vegetable fiber, * * * made up or manufactured wholly or in part by the tailor, seamstress, or manufacturer," under paragraph 349 of the Tariff Act of 1890, rather than as manufactures of flax not specially provided for under paragraph 371 of that act. Also *In re A. Hirsh*, G. A. 981, T. D. 12119, to the like effect; *In re Calhoun, Robbins & Co.*, G. A. 4363, T. D. 20731, which held coarsely woven cotton fabric heavily stiffened with glue or other gelatinous substance, cut into suitable lengths and shapes for lining women's collars, or for collars for women's dresses, dutiable under paragraph 314 of the Tariff Act of 1897 as "articles of wearing apparel * * * composed of cotton or other vegetable fiber, * * * made up or manufactured, wholly or in part, by the tailor, seamstress, or manufacturer;" *In re Angel Suarez*, G. A. 6458, T. D. 27660, in which linings for hats composed in chief value of cotton, made up into completed articles, ready to be inserted and

fastened in hats, were held properly dutiable as articles of cotton wearing apparel partly manufactured under paragraph 314 of the Tariff Act of 1897, and not as manufactures of cotton not specially provided for under paragraph 322 of that act. Also *Yoshizawa Co.* v. *United States*, Abstract 39152, holding imitation leather hat sweats, in chief value of cotton, to be dutiable as articles of wearing apparel in chief value of cotton, etc., under paragraph 919 of the Tariff Act of 1930, and not as manufactures of cotton under paragraph 923, as assessed.

All of the foregoing decisions are undoubtedly in favor of the dutiable classification of the imported merchandise as contended for by the plaintiff. Counsel for the Government in his brief, however, argues that the plaintiff herein has failed to establish that the shoes for which the imported tongues were imported and intended were wholly or in chief value of cotton, as there is no provision for parts of cotton wearing apparel, and that the provision for cotton wearing apparel, manufactured in part, has reference only to unfinished or incomplete articles of wearing apparel, such as suits without linings, dresses without buttons, hats without sweat bands or lining, and shoes without tongues or eyelets.

Of course we are only concerned with the imported merchandise in its imported condition. As to such, as already stated, it has been stipulated to consist of shoe tongues completely manufactured and ready for attachment to shoes, definitely committed or dedicated to that purpose, and in chief value of cotton.

A careful reading of the numerous decisions cited, *supra*, we think will show that the uniform construction by this court of the provision for wearing apparel manufactured in whole or in part has been, in effect, to regard a definite part of an article of wearing apparel as wearing apparel manufactured in part. At any rate such rule of construction, commencing with the Tariff Act of 1890 and continuing under the succeeding tariff acts up to the present time, we think is now too long established under the well-known principle of legislative sanction of judicial interpretation to be now disturbed or questioned. The construction contended for by counsel for the Government would probably be more proper and logical if the said provision was simply for wearing apparel, finished or unfinished, instead of for wearing apparel, manufactured wholly or in part.

As the shoe tongues here in issue are definite parts of shoes, which are of course wearing apparel, and are in chief value of cotton, we likewise hold the same dutiable as cotton wearing apparel manufactured in part, under paragraph 919 of the present Tariff Act of 1930, as claimed, following said cited cases.

Judgment will be rendered accordingly.