(C. D. 633)

F. PAVEL & Co. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided May 20, 1942)

*Puckhafer, Rode & Rode* (*Howard C. Carter* of counsel) for the plaintiffs.
*Paul P. Rao*, Assistant Attorney General (*Joseph E. Weil*, special attorney), for the defendant.

Before TILSON, KINCHELOE, and DALLINGER, Judges

KINCHELOE, Judge: The merchandise here in controversy consists of knit seamless glove linings which were assessed for duty by the collector under paragraph 917 of the Tariff Act of 1930, at 45 per centum ad valorem as "articles of all kinds, knit or crocheted, finished or unfinished, wholly or in chief value of cotton * * * not specially provided for," with an additional duty of 10 cents per pound under paragraph 924 of said act on the cotton content therein having a staple of 1⅛ inches or more in length. The plaintiffs claim the merchandise dutiable under paragraph 919 of the same act at 37½ per centum ad valorem, as "articles of wearing apparel of every description, manufactured wholly or in part, wholly or in chief value of cotton, and not specially provided for." The said additional duty under said paragraph 924 is not contested.

An official sample of the merchandise is in evidence as exhibit 1, and it is undisputed that the merchandise is cotton linings for leather gloves. The question presented is therefore one of law as to the relative specificity of paragraph 917 under which the merchandise was assessed, and paragraph 919, under which the merchandise is claimed dutiable.

A case very analogous to the instant one was recently decided by us in *Bata Shoe Co., Inc.,* v. *United States* (6 Cust. Ct. 50, C. D. 423), wherein the subject of controversy was shoe tongues which were completely manufactured and ready for attachment to shoes and which had been assessed for duty as articles made or cut from pile fabrics. In holding the articles to be more properly dutiable under the provision of paragraph 919 of the act of 1930, as articles of cotton wearing apparel, manufactured in part, this court stated among other things:

The provision for wearing apparel is undoubtedly a designation by use, and such designation has been held more specific than one either of composition or of general description. *United States* v. *A. W. Faber,* 16 Ct. Cust. Appls. 467, T. D. 43211. Note also the decision of this court in *Tripler & Co.* v. *United States,* T. D. 45699 (61 Treas. Dec. 1127), which held cotton velvet jackets more specifically provided for as articles of wearing apparel under paragraph 919 of the act of 1930, than as articles made or cut from cotton pile fabrics under paragraph 909. This was on authority of *United States* v. *Snow's U. S. Sample Express Co.,* 6 Ct. Cust. Appls. 120, T. D. 35388, which held shirt bosoms of tucked cotton material more specifically provided for by the term "wearing apparel composed of cotton or of cotton in chief value made up or manufactured in part" in paragraph 256 of the Tariff Act of 1913, than as articles made up in part of tuckings of whatever yarns, threads, or filaments composed" under the provision of paragraph 358 of that act.

\*     \*     \*     \*     \*     \*     \*

A careful reading of the numerous decisions cited, *supra*, we think will show that the uniform construction by this court of the provision for wearing apparel manufactured in whole or in part has been, in effect, to regard a definite part of an article of wearing apparel as wearing apparel manufactured in part. At any rate such rule of construction, commencing with the Tariff Act of 1890 and continuing under the succeeding tariff acts up to the present time, we think is now too long established under the well-known principle of legislative sanction of judicial interpretation to be now disturbed or questioned. The construction contended for by counsel for the Government would probably be more proper and logical if the said provision was simply for wearing apparel, finished or unfinished, instead of for wearing apparel, manufactured wholly or in part.

As the shoe tongues here in issue are definite parts of shoes, which are of course wearing apparel, and are in chief value of cotton, we likewise hold the same dutiable as cotton wearing apparel manufactured in part, under paragraph 919 of the present Tariff Act of 1930, as claimed, following said cited cases.

In the present case the merchandise is also a complete article in itself, namely, a lining for gloves. In the *Bata* case, *supra*, however, the competing paragraphs were between paragraph 923 of said act of 1930, as manufactures of cotton not specially provided for, and paragraph 919, as articles of cotton wearing apparel manufactured in part. In the present instance the classification of the glove linings lies between paragraph 917 of said act of 1930, as "articles of all kinds, knit or crocheted, finished or unfinished, wholly or in chief value of cotton * * *, not specially provided for," and paragraph 919 providing for "articles of wearing apparel of every description, manufactured wholly or in part, wholly or in chief value of cotton, and not specially provided for."

It cannot of course be denied that the said glove linings are completely knitted articles in themselves, and are therefore covered by the provision of said paragraph 917. Neither can it be denied, however, that the said cotton glove linings are also definite parts of wearing apparel, which under the decision of the *Bata Shoe Co.* case, *supra*, and the cases therein cited, brings the merchandise within the purview of said paragraph 919, as articles of cotton wearing apparel manufactured in part. Moreover, it will be noted that the latter provision is a designation by use, which has been held time and again to control over an *eo nomine* or descriptive provision in the dutiable classification of imported merchandise. See *Magone* v. *Heller*, 150 U. S. 70; *Roger & Gallet* v. *United States*, 7 Ct. Cust. Appls. 89, T. D. 36424; and *United States* v. *Boker & Co.*, 6 Ct. Cust. Appls. 243, T. D. 35472.

The claim of the plaintiffs for dutiable classification of the merchandise in question under said paragraph 919, as articles of cotton wearing apparel, manufactured in part, is therefore sustained. Judgment will be rendered accordingly.